IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRON J. MURPHY, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-343-GPM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 03-30137-01-GPM |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On May 1, 2006, Darron J. Murphy, Sr. ("Murphy") filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1) and a memorandum in support of his motion (Doc. 2). Murphy was later granted leave to supplement his motion (*see* Doc. 4). The Government responded to the motion on January 12, 2007 (Doc. 11), and Murphy filed a reply on February 12, 2007 (Doc. 17).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague,

conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), *citing United States v. Frye*, 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will resolve the motion without a hearing.

## **Background**

The Government's lengthy and thorough response sets forth the procedural and factual background underlying the conviction and sentence in this case. This Court is familiar with the background and will repeat the facts only as necessary.

In July 2003, a federal grand jury returned a five-count indictment against Murphy and his co-defendant Jennifer Baker. Murphy was charged with tampering with a witness by using physical force with the intent to influence the witness and her testimony (Count 1), using a firearm during a crime of violence (Count 2), being a felon in possession of a firearm (Count 3), possessing with intent to distribute in excess of 5 grams of crack cocaine (Count 4), and conspiracy to distribute and possess with intent to distribute in excess of 5 grams of crack cocaine (Count 5).

The undersigned presided over the jury trial of this matter from October 21-23, 2003. Both defendants moved for a Judgment of Acquittal, on which this court reserved ruling. The jury found both Murphy and Baker guilty on all counts. The Court then instructed the parties to file memoranda on the motions for Judgment of Acquittal. On March 9, 2004, this Court granted the motion of acquittal as to Defendant Baker on Counts 1 and 2 only. The motion was denied in all respects as to Murphy (*see* Doc. 59).

This Court subsequently sentenced Murphy to 235 months imprisonment and 8 years of

supervised release. Murphy appealed, and the Seventh Circuit affirmed the conviction and sentence, *see United States v. Murphy*, 406 F.3d 857 (7th Cir. 2005); it also ordered Murphy to tell the Court within 14 days whether he wanted it to issue a limited remand to this Court, per *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). Murphy declined the limited remand.

Murphy argues that his sentence should be vacated, set aside, or corrected because: (1) his trial counsel was ineffective in failing to object to the charged conspiracy's existence; (2) his trial counsel was ineffective in failing to request a "buyer/seller" instruction; (3) his trial and later his appellate counsel were ineffective in failing to challenge this Court's decision to instruct the jury on brandishing a weapon, pursuant to 18 U.S.C. Section 924(c); (4) his trial and appellate counsel were ineffective for failing to object to this Court's imposition of the enhancement for using a firearm under 2D1.1(b)(1); and (5) this Court erred in failing to adequately consider the statutory sentencing factors. (*See* Doc. 1.)

## Analysis

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, collateral relief is available to Murphy only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver*, 961 F.2d at 1341, *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986). In other words, a

Section 2255 motion does not serve as a substitute for a direct appeal.

There are three types of issues that cannot be raised in a motion brought pursuant to Section 2255: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of either good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issue would result in a fundamental miscarriage of justice. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *reversed on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

The United States Supreme Court has held that ineffective assistance of counsel may constitute cause for a procedural default, but "[s]o long as a petitioner is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, there is no inequity in requiring him to bear the risks of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove "prejudice," Murphy must show "not merely that the errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or appeal] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

The United States Supreme Court has held that a defendant can raise a claim for ineffective assistance of counsel in a collateral proceeding even though he could have, but did not, raise the claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 508-509 (2003). To establish

a claim of ineffective assistance of counsel, Murphy must show that his counsel's "performance was deficient, which means that counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahafey v. Schomig*, 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland*, 466 U.S. at 687. The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

Murphy alleges numerous errors by trial counsel. First, he alleges that trial counsel failed to object to the charged conspiracy's existence. As noted by the Government, however, trial counsel did challenge the charged conspiracy's existence and made the appropriate motion for judgment of acquittal. Furthermore, even if Murphy's trial counsel had not objected to the existence of the conspiracy, there was sufficient testimony to support the conspiracy charge in the indictment.

Murphy also alleges that trial counsel was ineffective in failing to request a "buyer/seller" instruction with regard to the conspiracy count. But Murphy cannot show prejudice resulting from this alleged failure because there was sufficient evidence from which a jury could have convicted him. Furthermore, even if such instruction had been given and the jury had acquitted Murphy on the conspiracy count, the sentence imposed would not have been significantly different, because the penalty for conspiracy and possession with intent to distribute were the same. Murphy has failed to show any prejudice resulted from the defense. Therefore, this Court does not find trial counsel ineffective on these issues.

Murphy further complains that his trial counsel and later his appellate counsel were

ineffective in failing to object to the Court's decision to instruct the jury to determine "beyond a reasonable doubt" whether he had brandished a weapon during the course of his 924(c) offense. This claim is without merit because the district court is free to make this finding under a preponderance of the evidence standard. *See United States v. Jones*, 418 F.3d 726, 730-31 (7th Cir. 2005).

Finally, Murphy contends that his trial counsel and later his appellate counsel were ineffective in failing to challenge this Court's imposition of the enhancement for using a firearm during a drug offense. Murphy argues that he should not have received this enhancement because it is based on the same weapon for which he received the seven-year sentence under 924(c). Murphy possessed several firearms during the violations, however, and any of these firearms could have provided a basis for the enhancement he received. Murphy has not met the heavy burden of demonstrating that either trial or appellate counsel were ineffective on these issues.

Next, Murphy claims that this Court erred when it failed to adequately address the sentencing factors during his sentencing. *See* 18 U.S.C. § 3553(a). As noted by the Government, this is a nonconstitutional claim which could have been raised on direct appeal. Murphy also declined a *Paladino* remand, where this Court could have presumably addressed the alleged error. Therefore, the Court need not consider this argument.

Finally, Murphy asserts that this Court erred in enhancing his sentence pursuant to the Supreme Court's decision in *Salinas v. United States*, 547 U.S. § 188 (2006). But Murphy misreads this decision. In *Salinas*, the Supreme Court held that a simple possession conviction cannot be used to enhance a defendant's sentence under the career offender provisions of the Sentencing Guidelines. In reaching this conclusion, the Court examined the literal wording of the Sentencing Guidelines

which defines a "controlled substance offense" as a felony drug offense involving manufacture, import, export, distribution or dispensing a controlled substance. *See* U.S.S.C. §4B1.2(b). Here, Murphy was not sentenced as a Career Offender. His sentence was enhanced pursuant to 21 U.S.C. § 851, which does not limit the type of prior offense beyond a requirement that it be a felony conviction. Therefore, the final ground likewise lacks merit.

The Court notes that Murphy has filed a motion seeking re-sentencing in light of the recent amendments to the Sentencing Guidelines (*see* Doc. 111). The Court has appointed the Federal Public Defender to represent Murphy on this issue (*see* Doc. 114). It appears that Murphy may be eligible for a reduction, but the Court will await counsel's motion on the issue. It will be given prompt attention when filed.

## Conclusion

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk is directed to enter judgement accordingly.

**IT IS SO ORDERED.**

DATED: 5/7/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge