**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARRON J. MURPHY, SR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-343-GPM |
| | ) |
| **UNITED STATES OF AMERICA,** | ) CRIMINAL NO. 03-30137-01-GPM |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for a certificate of appealability brought by Darron J. Murphy, Sr. (Doc. 23).

Murphy is serving a sentence of 235 months imprisonment after being convicted by a jury on charges involving tampering with a witness by using physical force with the intent to influence the witness and her testimony (Count 1), using a firearm during a crime of violence (Count 2), being a felon in possession of a firearm (Count 3), possessing with intent to distribute in excess of 5 grams of crack cocaine (Count 4), and conspiracy to distribute and possess with intent to distribute in excess of 5 grams of crack cocaine (Count 5). He has filed a notice of appeal from the Court's Order denying his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *(See* Doc. 20).

Pursuant to 28 U.S.C. § 2253, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate

Procedure provides, in pertinent part:

> [I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

Fed. R. App. P. 22(b)(1).

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States*, 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991-92 (7th Cir. 1996). A substantial showing of the denial of a constitutional right for purposes of the statute means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

Murphy's motion for a certificate of appealability identifies three issues that he proposes to raise on appeal from the Court's denial of his request for relief from his sentence under 28 U.S.C. § 2255. First, he argues "trial counsel was ineffective for not requesting a jury instruction, requiring that the jury find, beyond a reasonable doubt, that he 'brandished' a weapon for purposes of determining culpability for the 18 U.S.C. § 924(c) offense." Second, he argues "trial and appellate

counsel were ineffective for not challenging the imposition of an enhanced sentence for using a firearm during a drug offense, because the same weapon was used to impose an enhanced sentence on the 18 U.S.C. § 924(c) charge." Finally, he argues "counsel rendered ineffective assistance by declining a '*Paladino*' remand for re-sentencing, where the district court could consider the factors in 18 U.S.C. § 3553(a)." (*See* Doc. 22).

The Court already has addressed the first two arguments in its Order denying Murphy's motion for relief from his sentence under 28 U.S.C. § 2255 and concluded that they have no merit. Murphy offers no reason for the Court to believe that reasonable jurists would differ with that conclusion. *See Branch v. United States*, No. 03 C 4108, 2004 WL 2033056, at *2 (N.D. Ill. Sept. 3, 2004) ("When a petitioner [for relief under section 2255] makes no argument why another court would reach a different conclusion than that reached in the disposition of the § 2255 petition, . . . a court should not issue a [certificate of appealability].").

The third argument, as it relates specifically to the "*Paladino* remand" was raised by Murphy neither in his direct appeal from his conviction nor in his section 2255 motion[1] and therefore cannot furnish the basis for a meritorious appeal from the Court's denial of section 2255 relief. *See Jennings*, 2006 WL 3360498, at *2 (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)) (noting that post-conviction relief for a federal prisoner cannot be secured on the basis of: "(1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and

---

[1] Murphy did argue in his section 2255 motion that the Court erred when it failed to address the § 3553(a) factors during his sentencing. That argument failed, however, because it was not raised on direct appeal, and Murphy did not argue that his counsel was ineffective for failing to raise it. His argument that counsel was ineffective for failing to seek a remand for re-sentencing is new.

(3) constitutional issues that were not raised on direct appeal."). *Cf. Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000) (denying a certificate of appealability as to an issue that was not asserted before the district court as grounds for section 2255 relief). The Court concludes that Murphy has not made and cannot make a substantial showing of the denial of a constitutional right, and therefore his request for a certificate of appealability will be denied.

To conclude, Murphy's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (Doc. 22) is **DENIED**. Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Clerk of Court is **DIRECTED** to mail a copy of this Order to the United States Court of Appeals for the Seventh Circuit; Murphy may renew his request for a certificate of appealability in the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 7/18/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge